# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCLEOD AND ESTER MCLEOD,<br><br>     Plaintiffs,<br><br>vs.<br><br>DHI MORTGAGE COMPANY, LTD.; COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NAVY FEDERAL CREDIT UNION; RECONTRUST COMPANY; AND DOES 1-50 INCLUSIVE,<br><br>     Defendants. | CASE NO. 08cv2190-WQH-BLM<br><br>ORDER |

HAYES, Judge:

   The matters before the Court are the motion for remand (Doc. 18) filed by Plaintiffs and the motion to dismiss (Doc. 10) filed by Defendants Countrywide Home Loans, Mortgage Electronic Registration Systems, and ReconTrust Company.

## ALLEGATIONS OF THE COMPLAINT

*1. Parties*

   Plaintiffs Robert McLeod and Ester McLeod are the owners of certain real property located in Carlsbad, California. (*Complaint* ¶ 1.) Defendant DHI Mortgage Company (DHI) is a limited partnership organized under the laws of Texas authorized to do business in the State of California. (*Id.* ¶ 2.) Defendant Countrywide Home Loans, Inc. is a New York

1  corporation authorized to do business in the State of California. (*Id*. ¶ 3.) Defendant Mortgage
2  Electronic Registration Services, Inc. (Mortgage Electronic) is a Delaware corporation acting
3  as a nominee beneficiary under the deed of trust to the property that is the subject of this
4  action. (*Id*. ¶ 4.) Plaintiffs allege that Mortgage Electronic is not authorized to do business
5  in the State of California. Defendant Navy Federal Credit Union is a duly authorized financial
6  institution authorized to do business within the State of California. (*Id*. ¶ 5.) Plaintiffs name
7  Navy Federal as a defendant "solely because . . . it is an indispensable and necessary party to
8  the complete resolution of this matter." (*Id*.) Defendant ReconTrust Company is a Delaware
9  corporation authorized to do business in the State of California. (*Id*. ¶ 6.)

*2. Factual Allegations and Claims for Relief*

On September 15, 2006, Plaintiffs, as borrowers, executed and delivered a written promissory note in the amount of $869,072.00 to lender DHI Mortgage Company. (*Id*. ¶ 12.) To secure payment of the principal sum and interest as provided in the note, Plaintiffs executed and delivered a deed of trust to DHI. (*Id*. ¶ 13.) Mortgage Electronic is the beneficiary under the deed of trust. (*Id*.) The deed of trust was recorded in the office of the County Record in San Diego, California. (*Id*.) "Subsequent to plaintiffs entering into the promissory note and providing the deed of trust on the property, DHI transferred, sold and/or assigned the promissory note and deed of trust to Countrywide." (*Id*. ¶ 13.)

On April 2, 2008, Defendant ReconTrust recorded a notice of default and election to sell the property in the San Diego County recorders office on behalf of Mortgage Electronic, the beneficiary under the deed of trust. (*Id*. ¶ 14.) The notice of default informed Plaintiffs that Mortgage Electronic was electing to sell the property based on "plaintiffs' alleged failure to pay the mortgage in arrears of approximately $16,140.88." (*Id*.)

Plaintiffs allege that Defendants DHI, Countrywide, Mortgage Electronic, and ReconTrust have engaged in the following wrongful conduct:

> (a) wrongfully and fraudulently stating excessive income over and above the amount of monthly income actually earned by plaintiffs, in order to get loan approval quickly and allow defendants to sell the loan to the secondary real estate market (b) charging excessive closing costs fees to plaintiff that have no reasonable value basis to the services actually performed by defendants (c) failing and refusing to provide escrow final closing documents in the form and

> manner required in HUD-1 statement (d) failing to properly follow statutory procedures in the foreclosure process (e) making material misrepresentations about the nature and type of loans, including plaintiffs loan, to the effect that interest rates were not properly disclosed or explained to plaintiffs . . .

(*Id*. ¶ 8.) Plaintiffs allege claims for (1) declaratory relief, (2) injunctive relief, (3) demand for accounting, (4) rescission, (5) breach of fiduciary duty, (6) reformation of unconscionable contract, and (7) unfair and unlawful business practices in violation of California Civil Code 17200.

In their first claim for declaratory relief, Plaintiffs allege that "defendants have no standing to foreclose on the property; plaintiffs are unable to determine to whom any alleged arrearages [sic] should be tendered to without a declaration of rights; defendants cannot produce the original executed note on the subject loan to verify that they are in fact the real party in interest." (*Complaint* ¶ 16.) Plaintiffs seek a judicial determination naming "the real party in interest with respect to the holder of the note on the subject property and whether defendants have failed to meet statutory requirements for conducting a foreclosure sale on the subject property." (*Id*. ¶ 17.)

In their second claim for injunctive relief, Plaintiffs allege that DHI is not the real party in interest entitled to foreclose on the property "because it has sold or otherwise transferred the original note that represents the contract between plaintiffs and the original note holder for the purchase of the subject real property." (*Id*. ¶ 20.) Plaintiffs allege that Defendant Mortgage Electronic is not qualified to do business in the State of California and thus "cannot proceed with or cause an entity designated as a trustee, such as Defendant ReconTrust, to proceed with a foreclosure proceeding in the State of California." (*Id*.) Plaintiffs allege that each of the Defendants have: (1) failed to "follow California Civil Code § 2924 in dealing with plaintiffs;" (2) failed to negotiate with Plaintiffs "to modify the loan for defendants' and plaintiffs' mutual benefit" in violation of California Civil Code § 2923.6; and (3) failed to comply with the fair debt collection laws of the State of California "and the federal equivalent of said laws." (*Id*.) Plaintiffs seek an injunction preventing Defendants from foreclosing on the property. (*Id*. ¶ 21.)

In their third claim for accounting, Plaintiffs allege that Defendants have refused to

respond to Plaintiffs' demand for an accounting in violation of "state and federal law which require the providing of loan file contents upon proper request by a trustor (debtor)." (*Id*. ¶ 24.)

In their fourth claim for rescission, Plaintiffs allege that Defendants DHI, Countrywide, Mortgage Electronic, and ReconTrust fraudulently and deceitfully lulled Plaintiffs into a loan agreement that had "low teaser rates and negative amortization rates with immediate provisions for interest rate adjustment that quickly raise the monthly payments to an amount higher than the borrower is able to pay." (*Id*. ¶ 27.) Plaintiffs allege that Defendants Countrywide, Mortgage Electronic, and ReconTrust "committed fraud by intentionally charging plaintiffs unlawful and unfair closing costs in the form of settlements costs that were excessive and padded to increase the return to defendants in the closing of the loan and there was no need for such excessive cost to be assessed against plaintiffs." (*Id*. ¶ 30.) As a result of the fraud and misrepresentation allegedly perpetrated by the Defendants, Plaintiffs allege that the loan agreement "is void, voidable and rescinded pursuant to California Civil Code § 1689(b)(1)(5)(6)." (*Id*. ¶¶ 35-37.) "Plaintiffs seek relief by way of rescission as provided in California Civil Code § 1692." (*Id*. ¶ 40.)

In their fifth claim for breach of fiduciary duty, Plaintiffs allege that Defendant DHI, acting as an agent for Countrywide, breached its "fiduciary duty to Plaintiffs to act only in a manner that would protect plaintiffs' interest and not jeopardize their rights in the subject property and not subject them to loss of the property and subject them to loss of the property and suffer other damages through illegal, unlawful and unfair acts on defendants' part." (*Id*. ¶ 43.)

In their sixth cause of action, Plaintiffs allege that Defendants' conduct was "unfair, unlawful and created such a one sided agreement that it should be reformed by the court as provided under Uniform Commercial Code § 2-302 and 2A-108 which allows a court to refuse to enforce unconscionable contracts or contract terms." (*Id*. ¶ 46.)

In their seventh cause of action, Plaintiffs allege that Defendants Countrywide, DHI, Mortgage Electronic and Recontrust engaged in unfair and unlawful business practices in

1 | violation of California Civil Code 17200. (*Id*. ¶¶ 48-52.)

## PROCEDURAL HISTORY

On November 5, 2008, Plaintiffs filed a complaint in the Superior Court of California for the County of San Diego. (Doc. 1, Ex. B.) On November 10, 2008, Plaintiffs filed an application for a temporary restraining order in the state court seeking to restrain defendants from selling the subject property at a foreclosure sale scheduled for November 13, 2008. (Doc. 1, Ex. A.) Plaintiffs' application relied on both state and federal law. (*Id*.) On the same date, the state court judge granted the TRO. (*Id*.)

On November 25, 2008, Defendants Countrywide, Recontrust, and MERS removed the action to this Court pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) The notice of removal asserts that "this action is founded on claims arising under federal laws, including the federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, the Truth in Lending Act (TILA), 15 U.S.C. § 1601, and Regulation Z, 12 C.F.R. § 226 et seq." (Doc. 1 ¶ 4.)

On December 16, 2008, Defendants DHI Mortgage Company filed an answer to the complaint. (Doc. 8.)

On January 12, 2009, Defendants Countrywide, Recontrust, and MERS filed a motion to dismiss the complaint for failure to state a claim. (Doc. 10.) Plaintiffs filed an opposition to the motion to dismiss and Defendants filed their reply. (Docs. 22, 24.)

On January 15, 2009, Plaintiffs filed a motion to remand the case to state court. (Doc. 18.) Defendants filed an opposition to the motion to remand. (Doc. 23.) Plaintiffs did not file any reply.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires

1 resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Absent diversity of citizenship, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A federal question is presented when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state law claim would *also* support a federal claim." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 12 (2003) (Scalia, J., dissenting) (citing *Caterpillar*, 482 U.S. at 392) (emphasis in original). The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Further, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

There exists "a corollary to the well pleaded complaint rule, known as the complete preemption doctrine." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). When a federal statute "completely preempts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank*, 539 U.S. at 8. A completely preempted state law claim is "removable under 28 U.S.C. § 1441(b), which authorizes any claim that arises under federal law to be removed to federal court." *Id*.

## DISCUSSION

*1. Federal Claims for Relief*

Plaintiffs move to remand on the ground that the claims alleged in the complaint do not provide a basis for subject matter jurisdiction. Plaintiffs assert that Defendants' attempt to recast the allegations of the complaint as arising under the Real Estate Settlement Procedure Act and the Truth in Lending Act is insufficient to confer federal question jurisdiction because

1 the complaint "is devoid of any mention of these statutes." (Doc. 19 at 5.)

2  Defendants contend that this action was properly removed to federal court on the
3 ground that federal questions exist on the face of the complaint. Defendants assert that
4 Plaintiffs' second claim for injunctive relief and fourth claim for rescission both allege
5 violations of federal law and "seek remedies under federal law for the claimed violations."
6 (Doc. 23 at 2.) Specifically, Defendants contend that Plaintiffs seek injunctive relief and
7 rescission of the loan agreement "as a result" of Defendants' alleged violations of the Truth
8 in Lending Act and the Real Estate Settlement and Procedures Act. (*Id*. at 4.)  Although
9 Defendants concede that reference to federal law in Plaintiffs' complaint is limited, Defendants
10 nonetheless assert that Plaintiffs' invocation of federal law in their application for a temporary
11 restraining order provide the basis for federal question jurisdiction.

12  In their claim for rescission, Plaintiffs allege that they were entitled to rescind the loan
13 agreement based on the following grounds. First, Plaintiffs allege that Defendants used deceit
14 and misrepresentation to induce Plaintiffs into a sub-prime and predatory loan agreement.
15 Second, Plaintiffs allege that Defendants committed fraud by intentionally charging plaintiffs
16 unlawful and unfair closing costs. Third, Plaintiffs allege that each of the Defendants
17 intentionally deceived Plaintiffs by failing to provide required escrow closing statements in the
18 form and manner required by law. Fourth, Plaintiffs allege that Defendants' conduct is a threat
19 to the public safety of the people of the state of California. Fifth, Plaintiffs allege that
20 Defendants breached their fiduciary duties to Plaintiffs. Based upon the alleged conduct of
21 Defendants, Plaintiffs claim that they rescinded the loan agreement pursuant to California Civil
22 Code § 1689, which provides that a party to a contract may rescind the contract if (1) consent
23 was given by mistake or obtained through duress, menace, fraud, or undue influence on behalf
24 of any other party to the contract, (5) the contract is unlawful, or (6) the public interest will be
25 prejudiced by permitting the contract to stand. Cal. Civ. Code § 1698(b)(1), (5)-(6).

26  There is no reference to federal law in Plaintiffs' claim for rescission. Even if the facts
27 alleged in support of the state claim for rescission could also support a claim under federal law,
28 the state law claim for rescission is not converted into a federal cause of action. A plaintiff

may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392; *see Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir. 1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim.").

In their claim for injunctive relief, Plaintiffs allege that they are entitled to an order enjoining the foreclosure sale initiated by the Defendants on three "non-exclusive grounds." (*Compl.* ¶ 20.) The first ground alleges that neither DHI nor Countrywide have the right to proceed with a foreclosure on the property because neither is the holder of the note on the subject property. The second ground alleges that Defendant Mortgage Electronic is a suspended California corporation and does not have legal capacity to maintain a foreclosure proceeding pursuant to California Rev. & Tax. Code § 23301. The third ground alleges that the Defendants have failed to make good faith efforts to attempt to make a "mortgage workout plan" in violation of California Civil Code §§ 2924, 2923.6, the fair debt collection practice laws of the State of California, and "the federal equivalent of said laws." (*Compl.* ¶ 20.)

In this case, Plaintiffs' claim for injunctive relief is based upon several theories that arise under the laws of the State of California. The Court concludes that the reference in the complaint to "the federal equivalent of said laws" is not sufficient to confer federal question jurisdiction where Plaintiffs' claim for injunctive relief is supported by several alternative and independent state law theories. *See Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir. 1996) ("[w]hen a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). The Court concludes that Defendants have not met their burden to show that Plaintiffs affirmatively allege federal causes of action justifying removal.

*2. Complete Preemption*

Defendants next contend that Plaintiffs' fourth cause of action for rescission is completely preempted by the usury provisions of the National Bank Act, 12 U.S.C. §§ 85-86. Defendants assert that "a claim for usury is present" because Plaintiffs' rescission claim is based upon alleged unlawful and excessive closing costs and fees during the loan closing process. (Doc. 23 at 10.)

Section 85 of the National Bank Act sets limits on the interest rate that a national bank may charge on a loan. 12 U.S.C. § 85. Section 86 "sets forth the elements of a usury claim against a national bank, provides a two year statute of limitations for such a claim, and prescribes the remedies available to borrowers who are charged higher rates and the procedures governing such a claim." *Beneficial Nat'l Bank*, 539 U.S. at 11. In *Beneficial National Bank*, the Supreme Court held that "the substantive and the remedial provisions of state usury laws" are completely preempted by sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *Id*. The Supreme Court stated that sections 85 and 86 "create a federal remedy for overcharges that is exclusive, even when a state complainant, as here, relies entirely on state law. Because §§ 85and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank. Even though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that petitioners violated usury laws." *Id.*

In this case, Defendants have the burden to show that removal was proper under the complete preemption doctrine by demonstrating that Plaintiffs' complaint "unquestioningly and unambiguously" alleges a claim for usury under the substantive and remedial provisions of any state usury law. *Id*. The Court concludes that Defendants cannot met this burden. Plaintiffs seek relief by way of rescission pursuant to California Civil Code § 1692, which provides that any party to a contract that has been rescinded "may seek relief based upon such rescission by bringing an action to recover any money or thing owing to him by any other party to the contract as a consequence of such rescission." Cal. Civ. Code § 1692(a). Plaintiffs offer to "restore to Defendants the subject property in return for all monies paid to defendants in

connection with the placement of the loan, down payments, service of the loan, loan payments made, improvements made to the property, and other expenses plaintiffs have paid in connection with the maintenance and upkeep of the property." (*Compl.* ¶ 39.) Plaintiffs allege that they rescinded the loan agreement on the ground that Defendants "committed fraud by intentionally charging plaintiffs unlawful and unfair closing costs in the form of settlement costs that were excessive and padded to increase the return to defendants in the closing of the loan and there was no need for such excessive cost to be assessed against plaintiffs." (*Id.* ¶ 30.) The reference to closing costs in Plaintiffs' complaint is made solely in the context of a claim for rescission of the loan agreement based upon fraud under California Civil Code § 1689. The Court concludes that Plaintiffs do not state a claim for usury, and their claims are not subject to removal under the complete preemption doctrine.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to remand (Doc. 19) filed by Plaintiffs is GRANTED. The motion to dismiss (Doc. 14) filed by Defendants is DENIED as moot.

DATED: May 15, 2009

**WILLIAM Q. HAYES**
United States District Judge